FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 10, 2018

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

TABITHA J.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

No.   4:17-CV-05111-SMJ

**ORDER RULING ON MOTIONS
FOR SUMMARY JUDGMENT**

Plaintiff Tabitha J. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income benefits. She alleges that the ALJ (1) failed to find certain impairments were severe at step two, (2) erroneously rejected medical opinions, (3) improperly discredited her testimony and the testimony of lay witnesses, and (4) improperly found that the Commissioner's burden at step five was met. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's Decision.

After reviewing the record and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds that the ALJ properly weighed the medical opinions, symptom testimony, and lay witness testimony. The Court further finds that the ALJ properly accounted for Plaintiff's limitations in

determining her residual functional capacity (RFC) and therefore did not err at steps two or five. Accordingly, the Court grants the Commissioner's motion for summary judgment and denies Plaintiff's motion for summary judgment.

## I.      BACKGROUND[1]

Plaintiff filed an application for Supplemental Security Income (SSI) on November 6, 2013, alleging disability beginning April 1, 2008. AR 160–66. Her claim was denied initially and upon reconsideration. A hearing was held on December 21, 2015, a hearing was held before Administrative Law Judge Stephanie Martz. AR 20, 39–62. Plaintiff received an unfavorable decision on January 21, 2016. AR 20–29. The Appeals Council denied Plaintiff's request for review, AR 1–6, and he timely appealed to this Court. ECF No. 1.

## II.      DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

# III.   ALJ FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 6, 2013. AR 22.

At step two, the ALJ concluded that Plaintiff had the following medically determinable severe impairments: patellofemoral pain syndrome/chondromalacia, anxiety disorder (post-traumatic stress disorder/panic disorder without agoraphobia), and affective disorder (major depression). *Id.* The ALJ did not find that Plaintiff's anemia, history of right wrist factors, and vitamin D deficiency were severe impairments.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 565.

At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b). The ALJ imposed the following limitations: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can sit for 6 hours and stand and walk 6 hours in an 8-hour workday with regular breaks; no limitations on ability to balance and stoop; can occasionally climb ladders, ropes, or scaffolds; unlimited ability to push/pull within these exertional limitations; can occasionally crouch, kneel, and crawl; should avoid concentrated exposure to hazards; can understand,

remember, and carry out simple as well as routine and repetitive tasks; can have occasional superficial contact with co-workers and occasional contact with supervisors; should not have contact with the general public; and needs routine and predictable work environment. AR 24. In reaching this conclusion, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but she found that some of Plaintiff's statements concerning the intensity, persistence and limiting effects were not entirely credible. AR 25.

In determining Plaintiff's RFC, the ALJ gave great weight to the opinions of examining psychologist Thomas Genthe, Ph.D. as well as Kristine Harrison, Psy.D., and Renee Eisenhauer, Ph.D. The ALJ gave partial weight to the opinion of examining psychologist Nora Marks, Ph.D. The ALJ gave little weight to the opinion of examining psychologist Jan Kouzes, Ed.D. AR 28. The ALJ also gave little weight to the lay witness statement of Farel Hettinger, the Plaintiff's boyfriend. *Id.*

At step five, the ALJ found that Plaintiff had no past relevant work and that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 28.

# IV. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

# V. ANALYSIS

## A. The ALJ did not err at step two.

At step two, the ALJ found that Plaintiff suffers from the severe impairments of patellofemoral pain syndrome/chondromalacia, anxiety disorder (post-traumatic stress disorder/panic disorder without agoraphobia), and affective disorder (major depression). AR 22. Plaintiff argues that substantial medical evidence in the record also shows that Plaintiff suffers from a history of fractures in her right wrist, vitamin D deficiency, and anemia. ECF No. 17 at 12.

The ALJ's determination at step two "is merely a threshold determination meant to screen out weak claims" and is "not meant to identify the impairments that should be taken into account when determining the [residual functional capacity]." *Buck v. Berryhill*, 860 F.3d 1040, 1048–49 (9th Cir. 2017). As long as step two is resolved in the claimant's favor, a failure to deem an additional impairment "severe" is harmless if the decision nevertheless accounted for the impairment. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff has not shown that the additional impairments warranted additional limitations. The ALJ limited Plaintiff to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently and sitting for about six hours and standing/walking for about six hours in an eight-hour workday. AR 25. Plaintiff has not shown that her history of right wrist fractures, elbow pain, vitamin D deficiency, or anemia caused any additional limitations not included in the ALJ's decision. Thus, regardless whether the ALJ properly accounted for Plaintiff's impairments at step two, Plaintiff has not shown that the step two finding resulted in any harm.

**B.    The ALJ properly weighed the medical opinion evidence.**

Plaintiff argues that the ALJ failed to adequately consider the opinions of examining psychologists Dr. Jan Kouzes and Dr. Nora Marks. ECF No. 17 at 8–11. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining

physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d 821, 830–31).

### 1.    Dr. Jan Kouzes

On July 16, 2012, Dr. Kouzes completed a psychological/psychiatric evaluation of Plaintiff for DSHS. AR 262–66. Dr. Kouzes opined that Plaintiff had marked limitations affecting Plaintiff's ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance without special supervision; communicate and perform effectively in a work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 264.

The ALJ did not consider Dr. Kouzes's opinion. *See* AR 24–28. Plaintiff asserts that the ALJ committed legal error by failing to provide specific and legitimate reasons for rejecting the opinion. ECF No. 17 at 9. The Commissioner maintains that the opinion is not relevant because it predates the relevant time-period in this matter. ECF No. 19 at 9.

In an unpublished opinion, the Ninth Circuit noted the tension between its case law that "medical opinions that predate the alleged onset of disability are of limited relevance" and the Social Security Regulations' mandate that "the ALJ must consider all medical opinion evidence." *Williams v. Astrue*, 493 F. App'x. 866 (9th Cir. 2012) (quoting *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) and *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). On

review of the relevant case law in this and other circuits, the Court is persuaded that an ALJ may not reject medical evidence solely because it predates the alleged date of the onset of disability. *See, e.g.*, *McQueen v. Colvin*, No. 3:15-cv-05893-JRC, 2016 WL 4009850 (Jul. 27, 2016 W.D. Wash.) (surveying relevant case law). In some cases, the time elapsed between the medical opinion and the onset may be sufficient to discount its relevance. However, where, as here, the medical opinion evidence is from shortly before the period of alleged disability, the ALJ must provide a basis for rejecting the opinion. The ALJ therefore erred by failing to discuss Dr. Kouzes's medical opinion.

Harmless error analysis applies to Social Security disability cases. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (citing *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011)); *Molina*, 674 F.3d at 1115. "The nature of that application is fact-intensive—'no presumption s operate' and '[the reviewing court] must analyze harmlessness in light of the circumstances of the case.'" *Id.* (quoting *Molina*, 674 F.3d at 1121). Accordingly, the Court must consider whether the ALJ's error was "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quoting *Carmickle*, 533 F.3d at 1162). Ninth Circuit "precedents have been cautions about when harmless error should be found." *Marsh*, 792 F.3d at 1170. "'[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no

reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).

In this matter, the Court concludes that the ALJ's error was harmless. After reviewing the record in this matter, the Court is convinced that no reasonable ALJ, when fully crediting Dr. Kouzunes's opinion would have reached a different disability determination. Although the medical evidence is relevant in the broadest sense, Plaintiff's mental state in 2012 has little bearing on her mental state during the relevant time period. As noted throughout her treatment records, Plaintiff's mental state fluctuated depending on her circumstances. Moreover, the Court notes that Plaintiff's RFC already incorporates substantial limitations to accommodate for her mental limitations—Plaintiff is limited to occasional superficial contact with coworkers and supervisors, should have no contact with the general public, and requires a routine and predictable work environment. Thus, even if the ALJ credited this opinion, it would not change the fact that the less restrictive limitations are supported by substantial evidence in the record.

### 2.    Dr. Nora Marks

On October 11, 2013, Dr. Nora Marks completed a psychological evaluation of Plaintiff. In completing her report, Dr. Marks reviewed the psychiatric evaluation completed by Dr. Kouzes and conducted a number of psychological assessments.

Dr. Marks opined that Plaintiff's cognitive abilities were largely intact with only mild to moderate difficulties in carrying out tasks. AR 336. She further opined that Plaintiff's dissociative symptoms would cause difficulty in maintaining employment unless in a "very supportive work environment." *Id.*

The ALJ assigned this opinion "some weight," reasoning that Dr. Marks' opinion that Plaintiff's cognitive abilities were only mildly to moderately impaired was supported by findings in the examination but that the rest of the opinion was not well supported. The ALJ noted that Dr. Marks did not explain what she meant by a "very supportive" work place or why Plaintiff required such an environment. The ALJ also stated that Dr. Marks's opinion was not consistent with Plaintiff's daily activities or with her own findings in the examination.

The ALJ's reasons were specific, legitimate, and supported by substantial evidence in the record. First, because Dr. Marks failed to explain what was meant by a "very supportive work environment" or why such an environment was required, Plaintiff cannot demonstrate that the limitations imposed by the ALJ on Plaintiff's RFC are inconsistent with Dr. Marks's opined limitations. There is also substantial evidence in the record to support the ALJ's conclusion that Dr. Marks's opinion was inconsistent with Plaintiff's reported activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (noting that the ALJ may discount an opinion that seems unreasonable in light of other evidence in the record,

such as the claimant's activities). Dr. Marks's opinion was based on Plaintiff's report that she had difficulty being around people and had dissociative-like stress reactions. But the record also shows that Plaintiff cared for a young child, performed community service, took public transportation, and went to the grocery store with no evidence of episodes of decompensation. Likewise, Dr. Marks's examination notes showed that Plaintiff was open, cooperative, friendly, and engaged in her evaluation. Accordingly, the ALJ's proffered reasons are supported by substantial evidence in the record.

Plaintiff argues that the record "overwhelmingly suggests that [she] suffers considerable symptoms even at times of limited social interaction" and that "there is nothing to suggest that [her] modest daily activities are inconsistent with her disabling limitations." ECF No. 17 at 10–11. However, this argument boils down to an alternative interpretation of the record, which is insufficient to demonstrate error. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The issue is not whether substantial evidence could support Plaintiff's alternative interpretation, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Here, the ALJ provided sufficient reasons supported by substantial evidence in the record. Accordingly, the ALJ did not err in giving less than controlling weight to Dr. Marks's opinion.

**B.     The ALJ did not err in finding Plaintiff's symptom testimony not credible.**

Plaintiff asserts that the ALJ erred by discrediting her symptom testimony. The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112. Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). An ALJ must make sufficiently specific findings "to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." *Tommasetti*, 533 F.3d at 1039 (citations omitted). General findings are insufficient. *Lester*, 81 F.3d at 834. Courts may not second-guess ALJ findings that are supported by substantial evidence. *Id.*

In making an adverse credibility determination, an ALJ may consider, among other things, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) the nature, severity,

and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

Plaintiff alleged disability due to bilateral chondromalacia patella, right wrist pain, anxiety, depression, and post-traumatic stress disorder. She reported severe knee pain, needing several breaks a day to lie down, and needing to elevate her legs. She reported difficulty being in front of large groups, difficult with prolonged standing and walking, and needing to lay down. She reported needing frequent breaks and requiring assistance to pick things up off the floor. She reported worsening depression. She reported being unable to sit more than two hours and stand more than one to two hours. She also reported that she has difficulty being around others and experiences anxiety attacks that make it hard to focus or concentrate.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of the symptoms was not entirely credibly. AR 568. The ALJ provided four reasons for discounting Plaintiff's symptom testimony: (1) the medical evidence is inconsistent with the Plaintiff's allegations of disabling limitations, (2) Plaintiff's unexplained failure to seek treatment for her knee pain; (3) Plaintiff's improvements with treatment; and (4)

Plaintiff's daily activities were inconsistent with her alleged level of functioning due to the symptoms.

First, the ALJ found that Plaintiff's claims were inconsistent with the medical record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (explaining that medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects). Here, despite Plaintiff's complaints of disabling knee pain, the treatment records showed only mild objective findings. In addition, after one month of physical therapy, Plaintiff reported no knee pain with exercises and displayed a normal gait. AR 646.

Plaintiff's treatment records regarding her mental health are similarly inconsistent with her testimony. The ALJ noted that, although Plaintiff's symptoms intensified during periods of stress, they otherwise were not as severe as alleged. AR 26. This conclusion is also supported by substantial evidence in the record. From October through December 2013, Plaintiff had normal mental status and psychiatric examinations. When Plaintiff reported increased stress levels, they coincided with situational stressors. AR 446, 448. Likewise, when Plaintiff's situation improved, so did her mental health symptoms. AR 621.

The ALJ also discounted Plaintiff's testimony because she reported to the agency that she suffered numerous symptoms not reported to her doctors. AR 27. *See Greger v. Barnhart*, 464 F.3d 968, 972–73 (9th Cir. 2006) (upholding an

adverse credibility determination where the claimant failed to report symptoms to his treatment providers). Plaintiff reported suffering from flashbacks, nightmares, depression, and anxiety attacks that last all day. AR 48, 51, 53–56. However, Plaintiff did not report these symptoms at this degree of severity to her treatment providers. The ALJ's determination that Plaintiff's symptom testimony was inconsistent is therefore supported by substantial evidence.

Finally, the ALJ found that Plaintiff's claims were inconsistent with her activities of daily living. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). To that end, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest of take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, a claimant's daily activities should not have a negative impact on credibility unless those activities contradict the claimant's other testimony or are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, Plaintiff reported that her knees would lock up if she sat for too long, that she would collapse if she stood for too long, and that she could walk only limited distances. However, Plaintiff also reportedly engaged in physical activity with her son, rode her bike, pushed her son in a stroller, used public transportation, and regularly drove to Omak. AR 49–50, 57, 211, 646, 684. These activities are relevant to Plaintiff's credibility because they contradict the severity and persistence of the limitations she alleged. The ALJ therefore properly considered Plaintiff's daily activities in discrediting her symptom testimony.

The ALJ provided specific, clear, and convincing reasons for discrediting Plaintiff's symptom testimony supported by substantial evidence in the record. The ALJ therefore did not err in making an adverse credibility finding as to Plaintiff's symptom testimony.

**C.    The ALJ did not err in weighing other source testimony.**

An ALJ may consider "other source" testimony from sources such as nurse practitioners, physicians' assistants, and counselors. 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his or her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 13 F.3d 915, 918–19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, the ALJ must provide "reasons that are germane

to each witness" and may not simply categorically discredit the testimony. *Id*. at 919.

### 1.   Farel Hettinger

On December 16, 2013, Plaintiff's boyfriend, Farel Hettinger, provided a third-party function report. Hettinger stated that Plaintiff: requires extended breaks with activities that require standing or extended movement; is unable to walk more than a block without requiring a rest; experiences interruptions in sleep due to knee pain; needs additional time with housework; has limitations in lifting, squatting, standing, walking, sitting, kneeling, stair climbing, completing tasks, and concentration; experienced difficulty following spoken instructions, getting along with authority figures, and handling stress and changes in routine; and uses a prescribed brace/splint.

The ALJ assigned Hettinger's opinions little weight. AR 28. The ALJ noted that Hettinger's assessment was similar to Plaintiff's own subjective complaints and concluded that Hettinger's conclusions suffered from the same problems she identified with Plaintiff's symptom testimony. *Id.*   Plaintiff argues the ALJ committed legal error by failing to provide reasons germane to Hettinger in rejecting his statement.  ECF No. 17 at 14. Plaintiff is incorrect. The Ninth Circuit has recognized that, where lay witness testimony closely mirrors a claimant's subjective complaints, the ALJ may reject it for the "same reasons" that the ALJ

rejected the claimant's testimony. *See Valentine*, 574 F.3d at 694. Accordingly, the ALJ did not err in rejecting Hettinger's testimony.

**D.      The ALJ did not err at step five.**

At step five, the Commissioner has the burden to "identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations. *Johnson v. Shalala*, 50 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. § 416.920(g). At an administrative hearing, an ALJ may solicit vocational expert (VE) testimony as to the availability of jobs in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). A VE's testimony may constitute substantial evidence of the number of jobs that exist in the national economy. *Bayliss*, 427 F.3d at 1218.  The ALJ's decision regarding the numerosity of alternative occupations must be supported by substantial evidence, but the ALJ's step five findings cannot stand where "no reasonable mind could accept the employment numbers proffered by the VE as substantial evidence. *Farias v. Colvin*, 519 F. App'x 439, 440 (9th Cir. 2013).

Here, the VE testified that Plaintiff could perform the following occupations: (1) advertising material distributor (DOT #230.687.010), light, SVP-2, with approximately 420,000 jobs nationally; (2) housekeeper/cleaner, (DOT #323.687.014), light, SVP-2, with 280,000 jobs nationally; (3) printed product

assembler, (DOT #706.687.010), light, SVP-2, with approximately 280,000 jobs nationally. AR 29.

Plaintiff argues that the ALJ's hypothetical failed to take into account the limitations set forth by Drs Marks and Kouzes. However, this argument merely restates Plaintiff's earlier allegations of error, which are not supported by the record. Accordingly, the ALJ's hypothetical properly accounted for the limitations supported by the record. See *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding it is proper for the ALJ to limit a hypothetical to those restrictions supported by substantial evidence in the record).

## VI.    CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.**    Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

**2.**    The Commissioner's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

**3.**    **JUDGMENT** is to be entered in the Commissioner's favor.

**4.**    The case shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 10th day of July 2018.

SALVADOR MENDOZA, JR.
United States District Judge